IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BERNARD ANTOQUE, #A1049877,<br><br>        Plaintiff,<br><br>    vs.<br><br>HAWAII COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>        Defendants. | Civil No. 24-00134 MWJS-RT<br><br>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE TO AMEND |

**ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE TO AMEND**

Before the Court is a Prisoner Civil Rights Complaint filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Bernard Antoque.[1]  ECF No. 1.  In the complaint, Antoque alleges that the Hawaii Community Correctional Center (HCCC) and the former Hawaii Department of Public Safety (DPS)[2] denied him adequate medical care.  After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2)

---

[1]     Antoque is currently incarcerated at the Halawa Correctional Facility.  *See* ECF No. 1, at PageID.1; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A1049877"; and select "Search") (last visited Apr. 15, 2024).

[2]     On January 1, 2024, the DPS was redesignated as the Department of Corrections and Rehabilitation.  *See* Haw. Rev. Stat. § 26-14.6(d) (Supp. 2022).

and 1915A, the Court DISMISSES the complaint with partial leave to amend. If Antoque wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before May 17, 2024. In the alternative, Antoque may inform the Court in writing on or before May 17, 2024, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

## BACKGROUND[3]

While Antoque was incarcerated at HCCC in Hilo, Hawaiʻi, medical staff allegedly prescribed a "faulty treatment" without accurately assessing or properly diagnosing an unspecified injury. ECF No. 1, at PageID.5. Antoque commenced this action against HCCC and the former DPS upon signing the complaint on January 15, 2024, seeking monetary relief. *Id.* at PageID.6. On April 12, 2024, the Court granted Antoque's Application to Proceed In Forma Pauperis by a Prisoner. ECF No. 5.

## STATUTORY SCREENING

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

[3] Antoque's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

*See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  The Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## **DISCUSSION**

A.     **Legal Framework for Claims Under 42 U.S.C. § 1983**

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (alteration in original) (quoting 42 U.S.C. § 1983).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

There are two situations in which a state official might be liable to suit under § 1983.  "First, plaintiffs may seek damages against a state official in his personal capacity."  *Cornel*, 37 F.4th at 531.  "Second, state officials are 'persons' under § 1983 when sued for prospective injunctive relief."  *Id*.  This second situation applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective."  *Id.* (internal quotation marks omitted).

### B. The Eleventh Amendment Bars Antoque's Claims Against HCCC and DPS

Antoque names as Defendants HCCC and the former DPS. ECF No. 1, at PageID.1.

"[I]n the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citations omitted); *see also Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007).

Any claims against HCCC and the former DPS are barred by the Eleventh Amendment and therefore DISMISSED with prejudice. *See Neal v. Shimoda*, 131 F.3d 818, 832 n.17 (9th Cir. 1997); *Blaisdell v. Haw. Dep't of Pub. Safety*, 621 F. App'x 414, 415 (9th Cir. 2015) (mem.) ("The district court properly dismissed [plaintiff's] action against the Hawaii Department of Public Safety because it is barred by the Eleventh Amendment."); *Rowan v. Dep't of Pub. Safety O.C.C.C.*, No. 19-cv-00040, 2019 WL 637764, at *2 (D. Haw. Feb. 14, 2019) ("Neither the Hawaii Department of Public Safety (DPS) . . . nor OCCC, a jail, are . . . subject to suit under the Eleventh Amendment.").

Antoque may amend his pleading, however, to name a proper defendant or defendants. The Eleventh Amendment does not bar Antoque from seeking

damages against individual state officials in their personal capacities. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) (explaining that the Eleventh Amendment does not "bar claims for damages against state officials in their *personal* capacities"). Nor does it bar Antoque from seeking prospective injunctive relief from individual state officials for ongoing violations of federal law. *See Cornel*, 37 F.4th at 531.

### C. Standard for Inadequate Medical Care Under the Eighth Amendment

If Antoque decides to file an amended pleading, he should consider the following legal standard.

The Eighth Amendment governs the treatment of convicted prisoners and forbids "cruel and unusual punishments." U.S. Const. amend. VIII; *see Sandoval v. County of San Diego*, 985 F.3d 657, 667 (9th Cir. 2021). Although the Constitution "does not mandate comfortable prisons," it also does not "permit inhumane ones." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Prison officials, therefore, "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and [they] must take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotation marks omitted).

To establish a claim of inadequate medical care, a prisoner must show both a "serious medical need" and that an official's response to the need was "deliberately

indifferent." *Edmo v. Corizon, Inc.*, 935 F.3d 757, 785-86 (9th Cir. 2019) (per curiam).

A serious medical need is present when, for example, the "failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Serious medical needs can relate to physical, dental and mental health." *Id.* at 785 (cleaned up).

"To show deliberate indifference, the plaintiff must show that the course of treatment the [official] chose was medically unacceptable under the circumstances and that the [official] chose this course in conscious disregard of an excessive risk to the plaintiff's health." *Id.* at 786 (alterations in original) (internal quotation marks omitted). This is a "high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "An inadvertent or negligent failure to provide adequate medical care is insufficient to establish a claim under the Eighth Amendment. In other words, medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Edmo*, 935 F.3d at 786 (cleaned up).

### D. Partial Leave to Amend the Complaint

The complaint is DISMISSED with partial leave to amend. Antoque must file any amended pleading on or before May 17, 2024. Antoque may not expand his claims beyond those already alleged herein or add new claims, without

explaining how those new claims relate to the claims alleged in the complaint. Claims that do not properly relate to those in the complaint are subject to dismissal.

Antoque must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi. Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

### E.    Strikes Under 28 U.S.C. § 1915(g)

If Antoque fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If, however, Antoque decides to voluntarily dismiss this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and does so on or before May 17, 2024, such dismissal will not count as a strike against him.

## CONCLUSION

(1) The complaint, ECF No. 1, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) All of Antoque's claims against the Hawaii Community Correctional Center and the former Department of Public Safety are DISMISSED with prejudice.

(3) Antoque must file any amended pleading on or before May 17, 2024.

(4) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Antoque may incur a strike under 28 U.S.C. § 1915(g).

(5) ALTERNATIVELY, Antoque may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1) on or before May 17, 2024, and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(6) The Clerk is DIRECTED to send Antoque a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: April 17, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 24-00134 MWJS-RT; *Bernard Antoque v. Hawaii Community Correctional Center, et al.*; ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT, ECF NO. 1, WITH PARTIAL LEAVE TO AMEND