IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BERNARD KAHALEHILI ANTOQUE, #A1049877,<br><br>Plaintiff,<br><br>vs.<br><br>HAWAII COMMUNITY CORRECTIONAL CENTER, *et al.*,<br><br>Defendants. | Civil No. 24-00134 MWJS-RT<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS, ECF NO. 9, WITH PARTIAL LEAVE TO AMEND |

**INTRODUCTION**

Before the Court is a First Amended Complaint for Violation of Civil Rights (Prisoner Complaint) (FAC) filed pursuant to 42 U.S.C. § 1983 by pro se Plaintiff Bernard Kahalehili Antoque.[1]  ECF No. 9.  Antoque alleges that prison officials at the Hawaiʻi Community Correctional Center (HCCC) violated his constitutional rights by not mounting safety rails on his top bunk bed and delaying medical care

---

[1]    Antoque is currently incarcerated at Halawa Correctional Facility.  *See* ECF No. 9, at PageID.39; *see also* VINE, https://vinelink.vineapps.com/search/HI/Person (select "ID Number"; enter "A1049877"; and select "Search") (last visited June 20, 2024).

after he fell while getting down from that bed.[2]  After conducting the required screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court DISMISSES the FAC with partial leave to amend.  If Antoque wants this action to proceed, he must file an amended pleading that cures the noted deficiencies in his claims on or before July 22, 2024.  In the alternative, Antoque may inform the Court in writing on or before July 22, 2024, that he would like to voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1), and such a dismissal will not count as a "strike" under 28 U.S.C. § 1915(g).

## **BACKGROUND**[3]

While Antoque was a pretrial detainee at HCCC in Hilo, Hawaiʻi, he fell while getting down from his top bunk bed on March 18, 2022.  *See* ECF No. 9-2, at PageID.73.  The bed did not have safety rails.  ECF No. 9, at PageID.41.  During the fall, Antoque twisted his right knee.  ECF No. 9-2, at PageID.73.  Three days after the fall, Antoque went to the hospital.  ECF No. 9, at PageID.41.  He waited sixty days for surgery to repair a tear in his meniscus.  *Id.* at PageID.42-43.

Antoque commenced this action upon signing the original complaint on January 15, 2024.  ECF No. 1, at PageID.6.  On April 12, 2024, the Court granted

---

[2]     Antoque names Defendants Nurse Shante (last name unknown) and the Warden of HCCC in their official capacities.  ECF No. 9, at PageID.39-40.

[3]     Antoque's factual allegations are accepted as true for purposes of screening. *See Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

Antoque's Application to Proceed In Forma Pauperis by a Prisoner.  ECF No. 5.  The Court dismissed the complaint on April 17, 2024.  ECF No. 6.  In dismissing the complaint, the Court explained that Antoque's claims against HCCC and the former Hawaiʻi Department of Public Safety were barred by the Eleventh Amendment.  *Id.* at PageID.28-29.  The Court gave Antoque an opportunity to file an amended pleading.  *Id.* at PageID.30-31.

The Court received the FAC on June 3, 2024.  ECF No. 9.  In the FAC, Antoque alleges that HCCC's warden violated his constitutional rights by failing to install safety rails on his top bunk bed, and Nurse Shante violated his rights by delaying his medical care.  *Id.* at PageID.41.  Antoque names the warden and Nurse Shante only in their official capacities.  *Id.* at PageID.39-40.  Antoque seeks thirty million dollars in damages.  *Id.* at PageID.43.

## **STATUTORY SCREENING**

The Court is required to screen all in forma pauperis prisoner complaints filed against government officials, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  *See Byrd v. Phx. Police Dep't*, 885 F.3d 639, 641 (9th Cir. 2018).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Screening under 28 U.S.C. §§ 1915(e)(2) and 1915A involves the same standard as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

In conducting this screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The Court must grant leave to amend if it appears that the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130; Fed. R. Civ. P. 15(a)(2). When a claim cannot be saved by amendment, however, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## DISCUSSION

### A.     Legal Framework for § 1983 Claims

"Section 1983 provides a cause of action against '[e]very person who, under color of' law deprives another of 'rights, privileges, or immunities secured by the Constitution.'" *Cornel v. Hawaii*, 37 F.4th 527, 531 (9th Cir. 2022) (alteration in

4

original) (quoting 42 U.S.C. § 1983). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Park v. City & County of Honolulu*, 952 F.3d 1136, 1140 (9th Cir. 2020).

There are two situations in which a state official might be liable to suit under § 1983. *Cornel*, 37 F.4th at 531. "First, plaintiffs may seek damages against a state official in his personal capacity." *Id.* "Second, state officials are 'persons' under § 1983 when sued for prospective injunctive relief." *Id.* This second situation applies "where a plaintiff alleges an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective." *Id.* (internal quotation marks omitted).

### B. The Eleventh Amendment Bars Antoque's Claims Against HCCC's Warden and Nurse Shante in Their Official Capacities

Antoque names HCCC's warden and Nurse Shante only in their official capacities. ECF No. 9, at PageID.39-40.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984). As the Court explained in dismissing the original complaint, however, the Eleventh

5

Amendment does not bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003). Nor does it bar official-capacity suits against state officials for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065-66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989).

To the extent Antoque seeks money damages, any claims against Defendants in their official capacities are barred by the Eleventh Amendment and are therefore DISMISSED with prejudice. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016) ("The Eleventh Amendment bars claims for damages against a state official acting in his or her official capacity.").

If Antoque is also seeking injunctive relief based on his experiences at HCCC, those claims are DISMISSED as moot because Antoque is now incarcerated at Halawa Correctional Facility. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) (holding an inmate's challenges to conditions at a particular facility are moot when the inmate is transferred from that facility with no reasonable expectation of returning "because he no longer is subjected to the allegedly unconstitutional policies" (cleaned up).

//

//

### C. Legal Standards

Because it is possible Antoque will be able to cure the defects in the FAC, *see Lopez*, 203 F.3d at 1130, the Court will give him one more opportunity to name a proper defendant or defendants. If Antoque decides to file an amended pleading, he should consider the following legal standards.

#### 1. Supervisory Liability

Antoque names as a Defendant at least one supervisory official—that is, the warden of HCCC.

There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Vazquez v. County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

"A supervisory official may be held liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242-43 (9th Cir. 2018) (internal quotation marks omitted). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably

7

should have known would cause others to inflict a constitutional injury." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)).

"Thus, a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks omitted). A "claim that a supervisory official knew of unconstitutional conditions and culpable actions of his subordinates but failed to act amounts to acquiescence in the unconstitutional conduct of his subordinates and is sufficient to state a claim of supervisory liability." *Keates*, 883 F.3d at 1243 (internal quotation marks omitted).

Accordingly, Antoque cannot state a claim against the warden of HCCC solely on account of that official's supervisory position. *See Coates v. Cluney*, Civ. No. 23-00122, 2023 WL 2958327, at *5 (D. Haw. Apr. 14, 2023).

### 2. Fourteenth Amendment

Antoque alleges that HCCC's warden violated his constitutional rights by failing to install safety rails on his top bunk bed, and that Nurse Shante violated his rights by delaying medical care. ECF No. 9, at PageID.41. Because these events

occurred while Antoque was a pretrial detainee, Antoque's challenges to the conditions of his confinement and the adequacy of his medical care are governed by the Fourteenth Amendment instead of the Eighth Amendment.[4]  *See Nguyen v. Dep't of Pub. Safety*, Civ. No. 20-00402, 2020 WL 6162118, at *3 (D. Haw. Oct. 21, 2020) ("Where a pretrial detainee challenges conditions of confinement, . . . such claims 'arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth Amendment's Cruel and Unusual Punishment Clause.'" (quoting *Gordon v. County of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018))); *Char v. Queens Hosp.*, Civ. No. 18-00302, 2018 WL 5777471, at *4 (D. Haw. Nov. 1, 2018) (applying same rule to a pretrial detainee's medical care claims).

### a.  Conditions of Confinement

With respect to conditions of confinement, "the Fourteenth Amendment is more protective than the Eighth Amendment because the Fourteenth Amendment prohibits all punishment of pretrial detainees."  *Norbert v. City & County of San Francisco*, 10 F.4th 918, 928 (9th Cir. 2021) (internal quotation marks and emphases omitted).  "For a particular governmental action to constitute punishment, (1) that action must cause the detainee to suffer some harm or 'disability,' and (2) the purpose of the governmental action must be to punish the

---

[4]  Antoque's original complaint did not make clear whether he was a pretrial detainee at the time of these events.  *See* ECF No. 1.

9

detainee." *Demery v. Arpaio*, 378 F.3d 1020, 1029 (9th Cir. 2004). "Absent a showing of an expressed intent to punish on the part of detention facility officials, [the second] determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." *Bell v. Wolfish*, 441 U.S. 520, 538 (1979) (cleaned up).

### b. Adequate Medical Care

Fourteenth Amendment claims for violations of the right to adequate medical care—brought by pretrial detainees against individual defendants—"must be evaluated under an objective deliberate indifference standard." *Gordon*, 888 F.3d at 1124-25 (internal quotation marks omitted). The elements of a pretrial detainee's medical care claim are: (1) "the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined"; (2) "those conditions put the plaintiff at substantial risk of suffering serious harm"; (3) "the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious"; and (4) "by not taking such measures, the defendant caused the plaintiff's injuries." *Id.* at 1125. Regarding the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily turn on the

10

facts and circumstances of each particular case." *Id.* (cleaned up).  The "mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment"; the "plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (internal quotation marks omitted).

### D.   Request for Counsel

In his request for relief, Antoque asks for court-appointed counsel.  ECF No. 9, at PageID.43.  The Court has already denied an earlier request by Antoque for court-appointed counsel, without prejudice as to him filing another request after the operative pleading is served, and after Defendants have filed a response.  *See* ECF No. 8.  Because that has not yet occurred, Antoque's request for court-appointed counsel is again DENIED without prejudice to Antoque's filing another request after service of the operative pleading and after Defendants have filed an Answer or other response.

### E.   Partial Leave to Amend

The FAC is DISMISSED with partial leave to amend.  Antoque must file any amended pleading on or before July 22, 2024.  Antoque may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the FAC.  Claims that do not properly relate to those in the FAC are subject to dismissal.

Antoque must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaiʻi. Those include Local Rule 10.4, which requires that an amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must also be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the Court's prisoner civil rights form. *See* LR99.2(a). An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

### F.     Strikes Under 28 U.S.C. § 1915(g)

If Antoque fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

If, however, Antoque decides to voluntarily dismiss this action pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, and he does so on or before July 22, 2024, such dismissal will not count as a strike against him.

## CONCLUSION

(1) The FAC, ECF No. 9, is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

(2) All of Antoque's claims against Nurse Shante and HCCC's warden in their official capacities are DISMISSED with prejudice.

(3) Antoque must file any amended pleading on or before July 22, 2024.

(4) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Antoque may incur a strike under 28 U.S.C. § 1915(g).

(5) ALTERNATIVELY, Antoque may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1) on or before July 22, 2024, and such a dismissal will not count as a strike under 28 U.S.C. § 1915(g).

(6) The Clerk is DIRECTED to send Antoque a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

(7) Antoque's request for counsel is DENIED without prejudice.

IT IS SO ORDERED.

DATED: June 20, 2024, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge